IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EVANS JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 02 C 6077 |
| v. | ) | |
| | ) | Judge Bucklo |
| CITY OF CHICAGO and | ) | |
| CHICAGO POLICE OFFICERS | ) | |
| COREY FLAGG, #9386 and | ) | |
| BRODERICK JONES, #17432, | ) | |
| | ) | |
| Defendants. | ) | |

## RELEASE AND SETTLEMENT AGREEMENT

Plaintiff, Evans Jones, by his attorney, Kenneth N. Flaxman, and defendants, City of Chicago, by its attorney, Mara S. Georges, Corporation Counsel of the City of Chicago, and Corey Flagg and Broderick Jones, by one of their attorneys, Eileen E. Rosen, herein stipulate and agree to the following:

1.  This action has been brought by plaintiff, Evan Jones, against defendants, City of Chicago, and Corey Flagg and Broderick Jones, and makes certain allegations contained in plaintiff's complaint.

2.  Defendants deny each and every allegation of wrongdoing as stated in plaintiff's complaint, and, further, deny liability.

3.  The parties and their respective attorneys acknowledge that settlement of this claim is not an admission of liability, or of unconstitutional or illegal conduct by or on the part of any defendant and/or the City of Chicago's future, current or former officers, agents and

employees, and shall not serve as evidence or notice of any wrongdoing by or on the part of any defendant and/or the City of Chicago's future, current or former officers, agents and employees. The parties and their respective attorneys further acknowledge that settlement is made to avoid the uncertainty of the outcome of litigation and the expense in time and money of further litigation and for the purpose of judicial economy. Plaintiff and his attorney agree that they or any firm with which said attorney is affiliated or with which said attorney may later become affiliated shall not use this settlement as notice of misconduct on the part of any defendant and/or the City of Chicago's future, current or former officers, agents and employees, or for any other purpose in any other litigation, and that any such use is inconsistent with the terms of this Release and Settlement Agreement.

4. In consideration of the hereinafter indicated settlement entered pursuant to this Release and Settlement Agreement, and upon advice of counsel, plaintiff, Evans Jones, agrees to dismiss with prejudice all of his claims against defendants, City of Chicago, and Corey Flagg and Broderick Jones, with costs and attorneys' fees to be paid by the City of Chicago in the amount specified in paragraph 5.

5. Plaintiff, Evans Jones, accepts a settlement from defendant, City of Chicago, in the total amount of NINE THOUSAND SIX HUNDRED AND SIXTY-SIX AND 67/100 ($9666.67) DOLLARS, with costs and attorneys' fees to be paid by the City of Chicago in the total amount of FOUR THOUSAND EIGHT HUNDRED AND THIRTY THREE AND 33/100 ($4833.33) DOLLARS.

6. The City of Chicago agrees to pay plaintiff the total settlement amount within sixty (60) days after receipt by the Corporation Counsel's Office of a file-stamped copy of the

Agreed Order of Dismissal. This sum shall be payable solely by the City of Chicago, and plaintiff and/or his attorney agree that they will not seek payment from any source other than the City of Chicago. The settlement checks will be made payable to plaintiff, his attorney, and lien claimants, if any, of which the City has notice.

7. In consideration of this settlement entered pursuant to this Release and Settlement Agreement, and upon advice of counsel, plaintiff agrees to indemnify and hold harmless the City of Chicago, and its future, current, or former officers, agents and employees including, but not limited to, the individual defendants, Corey Flag and Broderick Jones, from any claims, losses, damages or expenses, including attorneys' fees and costs, incurred, or which may be incurred, by reason of any lien or any other claim or interest held by any person, entity or corporation against any moneys received or to be received by plaintiff under this settlement entered pursuant to this Release and Settlement Agreement.

8. Plaintiff, upon advice of counsel, understands and agrees that in consideration of the settlement entered pursuant to this Release and Settlement Agreement, plaintiff does hereby release and forever discharge on behalf of himself and his heirs, executors, administrators and assigns, all claims he had or has against the individual defendants, Corey Flag and Broderick Jones, and the City of Chicago, and its future, current or former officers, agents and employees, including but not limited to all claims he had, has, or may have in the future, under local, state, or federal law, arising either directly or indirectly out of the incident which was the basis of this litigation, and that such release and discharge also is applicable to any and all unnamed and/or unserved defendants.

9. This Release and Settlement Agreement and any documents that may be executed under paragraph 12 herein contain the entire agreement between the parties with regard to the settlement of this action, and shall be binding upon and inure to the benefit of the parties hereto, jointly and severally, and the heirs, executors, administrators, personal representatives, successors, and assigns of each.

10. This Release and Settlement Agreement is entered into in the State of Illinois and shall be construed and interpreted in accordance with its laws. Terms contained herein shall not be construed against a party merely because that party is or was the principal drafter.

11. In entering into this Release and Settlement Agreement, plaintiff represents that he has relied upon the advice of his attorney, who is the attorney of his own choice, and that the terms of this Release and Settlement Agreement have been interpreted, completely read and explained to him by his attorney, and that those terms are fully understood and voluntarily accepted by plaintiff. Plaintiff also represents and warrants that no other person or entity has or has had any interest in the claims or causes of action referred to herein, that he and his attorney have the sole right and exclusive authority to execute this Release and Settlement Agreement and receive the sums specified herein, and that they have not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims or causes of action referred to herein.

12. All parties agree to cooperate fully and to execute a Stipulation to Dismiss and any and all supplementary documents and to take all additional actions which are consistent with and which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Release and Settlement Agreement.

_____  
Evans Jones, Plaintiff

Address: _____  
_____

Date of birth: 7-14-67  
*SSN: _____

_____  
Kenneth N. Flaxman, Attorney for Plaintiff  
122 S. Michigan Ave., Suite 1850  
Chicago, Illinois 60603  
(312) 427-3600  
Attorney No. _____

*Providing SSN is voluntary

Mara S. Georges  
Corporation Counsel  
Attorney for City of Chicago

BY: _____  
Jeffrey N. Given  
Chief Assistant Corporation Counsel  
30 North La Salle Street, Suite 900  
Chicago, Illinois 60602  
(312) 744-9210  
Attorney No. 06184989

_____  
Eileen E. Rosen  
Assistant Corporation Counsel  
Attorney for Defendants Flagg and Jones  
30 North La Salle Street, Suite 1400  
Chicago, Illinois 60602  
(312) 744-0747  
Attorney No. 06217428